Evan J. Smith
BRODSKY & SMITH
240 Mineola Boulevard
First Floor
Mineola, NY 11501
Telephone:	516.741.4977
Facsimile:	516.741.0626
esmith@brodskysmith.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS PERSICH,<br><br>      Plaintiff,<br><br>vs.<br><br>AMEDISYS, INC., PAUL KUSSEROW, VICKIE L. CAPPS, MOLLY J. COYE, JULIE D. KLAPSTEIN, TERESA L. KLINE, BRUCE D. PERKINS, JEFFREY A. RIDEOUT, and IVANETTA DAVIS SAMUELS,<br><br>      Defendants. | Case No.:<br><br>**Complaint For:**<br><br>(1) Violation of § 14 (a) of the Securities Exchange Act of 1934<br>(2) Violation of § 20(a) of the Securities Exchange Act of 1934<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Nicholas Persich ("Plaintiff"), by and through his attorneys, alleges upon information and belief, except for those allegations that pertain to her, which are alleged upon personal knowledge, as follows:

## SUMMARY OF THE ACTION

1. Plaintiff brings this stockholder action against Amedisys, Inc. ("Amedisys" or the "Company") and the Company's Board of Directors (the "Board" or the "Individual Defendants," collectively with the Company, the "Defendants"), for violations of Sections 14(a) and 20(a) of

1

the Securities and Exchange Act of 1934 (the "Exchange Act") as a result of Defendants' efforts to sell the Company to UnitedHealth Group Incorporated ("Parent") through merger vehicle Aurora Holdings Merger Sub Inc. ("Merger Sub," collectively with Parent, "UnitedHealth Group") as a result of an unfair process, and to enjoin an upcoming stockholder vote on a proposed all cash transaction (the "Proposed Transaction").

2. The terms of the Proposed Transaction were memorialized in a June 26, 2023 filing with the Securities and Exchange Commission ("SEC") on Form 8-K attaching the definitive Agreement and Plan of Merger (the "Merger Agreement").

3. Under the terms of the Merger Agreement, UnitedHealth Group will acquire all of the remaining outstanding shares of Amedisys' common stock at a price of $101.00 per share in cash. As a result, Amedisys will become an indirect wholly-owned subsidiary of UnitedHealth Group.

4. Thereafter, on July 31, 2023, Amedisys filed a Preliminary Proxy Statement on Form PREM14A with the SEC in support of the Proposed Transaction (the "Preliminary Proxy Statement"). Thereafter on August 10, 2023, Amedisys filed a Definitive Proxy Statement on Form DEFM14A with the SEC in support of the Proposed Transaction (the "Definitive Proxy Statement").

5. The Definitive Proxy Statement omits and/or misrepresents material information concerning, among other things: (a) the sales process and in particular certain conflicts of interest for management; (b) the financial projections for Amedisys, provided by Amedisys management to the Board and the Board's financial advisor Guggenheim Securities, L.L.C. ("Guggenheim") and (c) the data and inputs underlying the financial valuation analyses, if any, that purport to

support the fairness opinion created by Guggenheim, if any, and provide to the Company and the Board.

6. This action seeks to enjoin the Proposed Transaction.

## PARTIES

7. Plaintiff is a citizen of Louisiana and, at all times relevant hereto, has been an Amedisys stockholder.

8. Defendant Amedisys provides healthcare services in the United States and operates through four segments: Home Health, Hospice, Personal Care, and High Acuity Care. Amedisys is incorporated under the laws of the State of Delaware and has its principal place of business at 3854 American Way, Suite A, Baton Rouge, LA, 70816. Shares of Amedisys common stock are traded on the Nasdaq Stock Exchange under the symbol "AMED".

9. Defendant Paul Kusserow ("Kusserow") has been a Director of the Company at all relevant times and serves as the Chair of the Company Board.

10. Defendant Vickie L. Capps ("Capps") has been a director of the Company at all relevant times.

11. Defendant Molly J. Coye ("Cyprus") has been a director of the Company at all relevant times.

12. Defendant Julie D. Klapstein ("Klapstein") has been a director of the Company at all relevant times.

13. Defendant Teresa L. Kline ("Kline") has been a director of the Company at all relevant times.

14. Defendant Bruce D. Perkins ("Perkins") has been a director of the Company at all relevant times.

15. Defendant Jeffrey A. Rideout ("Rideout") has been a director of the Company at all relevant times.

16. Defendant Ivanetta Davis Samuels ("Samuels") has been a director of the Company at all relevant times.

17. Defendants identified in ¶¶ 9 - 16 are collectively referred to as the "Individual Defendants."

18. Non-Party UnitedHealth Group Incorporated operates as a diversified health care company in the United States. It operates through four segments: UnitedHealthcare, Optum Health, Optum Insight, and Optum Rx.

19. Non-Party Merger Sub is a wholly owned subsidiary of Parent created to effectuate the Proposed Transaction.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act.  This action is not a collusive one to confer jurisdiction on a court of the United States, which it would not otherwise have.  The Court has supplemental jurisdiction over any claims arising under state law pursuant to 28 U.S.C. § 1367.

21. Personal jurisdiction exists over each defendant either because the defendant conducts business in or maintains operations in this District or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

22. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because each of the Individual Defendants, as Company officers or directors, have extensive contacts within this District; for example, the Company's stock trades on the Nasdaq Stock Exchange which is headquartered in this District.

## SUBSTANTIVE ALLEGATIONS

*Company Background*

23. Amedisys provides healthcare services in the United States. It operates through four segments: Home Health, Hospice, Personal Care, and High Acuity Care. The Home Health segment offers a range of services in the homes of individuals for the recovery of patients from surgery, chronic disability, or terminal illness, as well as prevents avoidable hospital readmissions through its skilled nurses; nursing services, rehabilitation therapists specialized in physical, speech, and occupational therapy; and social workers and aides for assisting its patients. The Hospice segment offers services that are designed to provide comfort and support for those who are dealing with a terminal illness, including cancer, heart disease, pulmonary disease, or Alzheimer's. The Personal Care segment provides assistance for patients with the activities of daily living. The High Acuity Care segment offers essential elements of inpatient hospital, skilled nursing facility care, and palliative care to patients in their homes. Amedisys, Inc. was incorporated in 1982 and is headquartered in Baton Rouge, Louisiana.

24. The Company's recent financial performance press release, revealing financial results from the quarter preceding the announcement of the Proposed Transaction, indicated sustained and solid financial performance. For example, in the report of first quarter 2023 financial results, the Company highlighted such milestones as adjusted EBITDA of $57.8 million, and net

service revenue of $556.4 million and net income attributable to Amedisys of $25.2 million for the three-month period ended March 31, 2023.

25.     Despite this upward trajectory, the Individual Defendants have caused Amedisys to enter into the Proposed Transaction without providing requisite information to Amedisys stockholders such as Plaintiff.

*The Proposed Transaction*

26.     On June 26, 2023, Amedisys and UnitedHealth Group issued a joint press release announcing the Proposed Transaction. The press release stated, in relevant part:

> BATON ROUGE, La. – June 26, 2023 – Amedisys (NASDAQ: AMED), a leading provider of home health, hospice and high-acuity care, and Optum, a diversified health services company, have agreed to combine. The agreement calls for the acquisition of Amedisys's outstanding common stock in an all-cash transaction for $101 per share.
>
> The combination of Amedisys with Optum unites two organizations dedicated to providing compassionate, value-based comprehensive care to patients and their families. The agreement is subject to Amedisys shareholder approvals, regulatory approvals and other customary closing conditions.

*The Materially Misleading and/or Incomplete Definitive Proxy Statement*

27.     On July 31, 2023, the Amedisys Board caused to be filed with the SEC a materially misleading and incomplete Definitive Proxy Statement.

*Omissions and/or Material Misrepresentations Concerning Amedisys' Financial Projections*

28.     The Definitive Proxy Statement fails to provide material information concerning financial projections for Amedisys provided by Amedisys management to the Amedisys Board and Guggenheim and relied upon by Amedisys in its analyses. The Definitive Proxy Statement discloses management-prepared financial projections for the Company which are materially misleading.

29.     Notably the Definitive Proxy Statement reveals that as part of its analyses, Guggenheim reviewed certain, "certain non-public business and financial information regarding Amedisys' business and future prospects…"

30.     The Definitive Proxy Statement should have, but fails to provide, certain information in the projections that Embark management provided to the Board and Guggenheim. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig*., 924 A.2d 171, 201-203 (Del. Ch. 2007).

31.     With regards to the *Amedisys March Long-Range Plan*, the Definitive Proxy fails to disclose:

    a. The inputs, metrics, and assumptions used to determine Adjusted EBITDA, including operating earnings before interest, taxes, depreciation and amortization, shown after the deduction of stock-based compensation expense and non-controlling interest expense;

    b. The inputs, metrics, and assumptions used to determine EBIT, including depreciation and amortization;

    c. The inputs, metrics, and assumptions used to determine NOPAT, including cash taxes; and

    d. The inputs, metrics, and assumptions used to determine Free Cash Flow, including depreciation and amortization, capital expenditures and positive or negative changes in net working capital.

32. With regards to the *Amedisys Long-Range Plan*, the Definitive Proxy fails to disclose:

   a. The inputs, metrics, and assumptions used to determine Adjusted EBITDA, including operating earnings before interest, taxes, depreciation and amortization, shown after the deduction of stock-based compensation expense and non-controlling interest expense;

   b. The inputs, metrics, and assumptions used to determine EBIT, including depreciation and amortization;

   c. The inputs, metrics, and assumptions used to determine NOPAT, including cash taxes; and

   d. The inputs, metrics, and assumptions used to determine Free Cash Flow, including depreciation and amortization, capital expenditures and positive or negative changes in net working capital.

33. The Definitive Proxy Statement also fails to disclose a reconciliation of all non-GAAP to GAAP metrics utilized in the projections.

34. The Definitive Proxy Statement also fails to provide the specific bases and adjustments upon which the assumptions underlying the various sets of projections rely.

35. Without accurate projection data presented in the Definitive Proxy Statement, Plaintiff is unable to properly evaluate the Company's true worth, the accuracy of the financial analyses created by Amedisys, or make an informed decision whether to vote his shares in favor of the Proposed Transaction.

36. The Board has violated the Exchange Act by failing to include such information in the Definitive Proxy Statement.

*<u>Omissions and/or Material Misrepresentations Concerning the Financial Analyses by Guggenheim</u>*

37. In the Definitive Proxy Statement, Guggenheim describes its fairness opinion and the various valuation analyses performed to render such opinion. However, the descriptions fail to include necessary underlying data, support for conclusions, or the existence of, or basis for, underlying assumptions. Without this information, one cannot replicate the analyses, confirm the valuations or evaluate the fairness opinions.

38. For the *Amedisys Stand-Alone Financial Analyses:*

   a. With regard to the *Discounted Cash Flow Analysis*, the Definitive Proxy Statement fails to disclose material items, including the following:

      i. The underlying inputs, metrics, and assumptions necessary to determine the discount range of 8.25%- 10.50%, including the weighted average cost of capital;

      ii. The underlying inputs, metrics, and assumptions necessary to determine the interim growth rate of 5.5% in the years 2028 - 2032;

      iii. The underlying inputs, metrics, and assumptions necessary to determine perpetual growth rate after the interim growth period of 2.00% – 3.00%;

      iv. The underlying inputs, metrics, and assumptions necessary to calculate after-tax unlevered free cash flow; and

   b. With regard to *Selected Precedent Merger and Acquisition Transactions*, the Definitive Proxy Statement fails to disclose material line items, including the following:

      i. The closing date for each selected transaction;

    ii. The value of each selected transaction; and

    iii. The inputs and metrics used to determine the reference range of reference range of transaction multiples of 11.0x – 16.0x last twelve-month PF Adjusted EBITDA (net of minority interests).

  c. With regard to *Selected Publicly Traded Companies Analysis*, the Definitive Proxy Statement fails to disclose material line items, including the following:

    i. The underlying inputs, metrics, and assumptions used to determine the reference range of CY 2023E Adjusted EBITDA multiples of 12.0x – 15.0x and a reference range of CY 2024E Adjusted EBITDA multiples of 11.5x – 13.5x.

39. With regard to *Analyst Price Targets*, the Definitive Proxy Statement fails to disclose material line items, including the following:

  a. The identities of the fifteen selected Wall Street equity research analyst stock price targets; and

  b. The stock price for the selected analyst price targets.

40. These disclosures are critical for Plaintiff to be able to make an informed decision on whether to vote in favor of the Proposed Transaction.

41. The Board has violated the Exchange Act by failing to include such information in the Definitive Proxy Statement.

## FIRST COUNT

## Violations of Section 14(a) of the Exchange Act

## (Against All Defendants)

42. Plaintiff repeats all previous allegations as if set forth in full herein.

43. Defendants have disseminated the Definitive Proxy Statement with the intention of soliciting stockholders, including Plaintiff, to vote in favor of the Proposed Transaction.

44. Section 14(a) of the Exchange Act requires full and fair disclosure in connection with the Proposed Transaction. Specifically, Section 14(a) provides that:

> It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78*l* of this title.

45. As such, SEC Rule 14a-9, 17 C.F.R. 240.14a-9, states the following:

> No solicitation subject to this regulation shall be made by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement

in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

46. The Definitive Proxy Statement was prepared in violation of Section 14(a) because it is materially misleading in numerous respects and omits material facts, including those set forth above. Moreover, in the exercise of reasonable care, Defendants knew or should have known that the Definitive Proxy Statement is materially misleading and omits material facts that are necessary to render them non-misleading.

47. The Individual Defendants had actual knowledge or should have known of the misrepresentations and omissions of material facts set forth herein.

48. The Individual Defendants were at least negligent in filing a Definitive Proxy Statement that was materially misleading and/or omitted material facts necessary to make the Definitive Proxy Statement not misleading.

49. The misrepresentations and omissions in the Definitive Proxy Statement are material to Plaintiff, and Plaintiff will be deprived of his entitlement to decide whether to vote his shares in favor of the Proposed Transaction on the basis of complete information if such misrepresentations and omissions are not corrected prior to the vote regarding the Proposed Transaction.

## SECOND COUNT

### Violations of Section 20(a) of the Exchange Act

### (Against all Individual Defendants)

50. Plaintiff repeats all previous allegations as if set forth in full herein.

51. The Individual Defendants were privy to non-public information concerning the Company and its business and operations via access to internal corporate documents, conversations

and connections with other corporate officers and employees, attendance at management and Board meetings and committees thereof and via reports and other information provided to them in connection therewith. Because of their possession of such information, the Individual Defendants knew or should have known that the Definitive Proxy Statement was materially misleading to Plaintiff in his capacity as a Company stockholder.

52. The Individual Defendants were involved in drafting, producing, reviewing and/or disseminating the materially false and misleading statements complained of herein. The Individual Defendants were aware or should have been aware that materially false and misleading statements were being issued by the Company in the Definitive Proxy Statement and nevertheless approved, ratified and/or failed to correct those statements, in violation of federal securities laws. The Individual Defendants were able to, and did, control the contents of the Definitive Proxy Statement. The Individual Defendants were provided with copies of, reviewed and approved, and/or signed the Definitive Proxy Statement before its issuance and had the ability or opportunity to prevent its issuance or to cause it to be corrected.

53. The Individual Defendants also were able to, and did, directly or indirectly, control the conduct of Amedisys' business, the information contained in its filings with the SEC, and its public statements. Because of their positions and access to material non-public information available to them but not the public, the Individual Defendants knew or should have known that the misrepresentations specified herein had not been properly disclosed to and were being concealed from Plaintiff and Company, and that the Definitive Proxy Statement was misleading. As a result, the Individual Defendants are responsible for the accuracy of the Definitive Proxy Statement and are therefore responsible and liable for the misrepresentations contained herein.

54. The Individual Defendants acted as controlling persons of Amedisys within the meaning of Section 20(a) of the Exchange Act. By reason of their position with the Company, the Individual Defendants had the power and authority to cause Amedisys to engage in the wrongful conduct complained of herein. The Individual Defendants controlled Amedisys and all of its employees. As alleged above, Amedisys is a primary violator of Section 14 of the Exchange Act and SEC Rule 14a-9. By reason of their conduct, the Individual Defendants are liable pursuant to section 20(a) of the Exchange Act.

WHEREFORE, Plaintiff demands injunctive relief, in his favor and against the Defendants, as follows:

A. Enjoining the Proposed Transaction;

B. In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to exercise comply with the Exchange Act and disseminate a Definitive Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury on all issues which can be heard by a jury.

Dated: August 14, 2023	**BRODSKY & SMITH**

By: *Evan J. Smith*
Evan J. Smith
240 Mineola Boulevard
Mineola, NY  11501
Phone:  (516) 741-4977
Facsimile (561) 741-0626

*Counsel for Plaintiff*

**OF COUNSEL**

Douglas Risen
Risen Law, LLC
1900 JFK Blvd., Suite 910
Philadelphia, PA 19103
Phone: 215.201.2824
drisen@comcast.net